UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SARA MARIA SCHAETZL-SAUBERT,<br><br>Plaintiff,<br><br>v.<br><br>TURKISH AIRLINES, INC.,<br><br>Defendant. | Case No. 2:17-cv-00854-MMD-VCF<br><br>ORDER |

## I. SUMMARY

This case concerns alleged injuries arising from the delay and rerouting of certain international flights taken by Plaintiff in 2015. Before the Court is Defendant Turk Hava Yollari's[1] Motion for Judgment on the Pleadings. (ECF No. 11.) The Court has reviewed Plaintiff's response (ECF No. 15) and Defendant's reply (ECF No. 20). For the reasons discussed below, Defendant's Motion is granted for lack of personal jurisdiction.

## II. BACKGROUND

The following facts are taken from the complaint. (ECF No. 1 at 13-23.)

Plaintiff purchased an airline ticket for a Turkish Airlines flight from Munich, Germany to Los Angeles, California, to depart on February 18, 2015. The flight was scheduled to have a layover in Istanbul, Turkey. Plaintiff checked in for the flight but learned its scheduled departure time had been delayed by several hours. Eventually Plaintiff departed Munich. Upon arriving in the airspace above Istanbul for the scheduled layover, the airplane remained in the air for 45 minutes, circling the airport,

---

[1]Defendant was improperly sued as "Turkish Airlines Inc." (ECF No. 20 at 1.)

until the pilot informed the passengers that the Istanbul airport had just closed and the airplane would instead land in Antalya, Turkey. At the Antalya airport, Plaintiff waited for several hours before she was informed she would have to stay overnight in a hotel. She then waited for several more hours before receiving a hotel voucher. At the hotel, there was a problem regarding Plaintiff's reservation—the airline had reserved one room for her to share with a married man she did not know—and she waited for at least two hours after being told that an airline representative would come to the hotel to fix the problem. However, because no airline representative came, Plaintiff and the man decided to share the room, planning to have the man sleep on the couch. Upon arriving at the hotel room, no couch was present. Plaintiff laid down on the bed fully dressed but was unable to sleep. Plaintiff called the front desk of the hotel three times between midnight and 6 am to inquire if the airline representative had arrived but was informed the no representative had arrived. Plaintiff then headed to the Antalya airport around 6am, waited in line for another 2 hours, and was then booked on a flight to Istanbul at noon. However, that flight's departure time ended up being delayed by 3 hours, making Plaintiff miss her connection in Istanbul to Los Angeles. Plaintiff attempted to get a hotel voucher at the airport in Istanbul but after waiting in line for 2 hours decided to meet her father, a resident of Istanbul, at a hotel instead. She spent the night in the hotel, although she was unable to sleep. She was able to fly home on Turkish Airlines to Los Angeles the next day. She states that over the course of at least 2 days of air travel from Munich to Los Angeles, she was able to sleep for only 2 hours. (ECF No. 1 at 19.)

Plaintiff states that as a result of these series of events, she suffered panic attacks at least once a day, was unable to sleep, and had nightmares. (*Id.* at 20.) Ultimately, on February 28, 2015, she went to the emergency room where she was diagnosed with Generalized Anxiety Disorder and given a strong psychotropic medication. She subsequently went to her primary care physician, who diagnosed her with depression, panic attacks, and insomnia, and prescribed Plaintiff a daily medication that she now takes. Plaintiff has also visited chiropractors for relief from muscle spasms

caused by panic attacks and has tried hypnotherapy. She states that on March 23, 2015, she was diagnosed with Post-Traumatic Stress Disorder. (*Id.*) She also states that she suffered a stroke as a result of these events. (*Id.*)

The complaint asserts four claims for relief under Nevada law: (1) breach of contract; (2) negligence; (3) negligent infliction of emotional distress; and (4) intentional infliction of emotional distress. (ECF No. 1 at 20-22.) Defendant moves for judgment on the pleadings, asserting several grounds for dismissal. (ECF No. 11.) Because the Court agrees with Defendant's personal jurisdiction argument, the Court declines to address the remaining grounds.

**III.    LEGAL STANDARD**

A motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion. *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Where the motion tests the personal jurisdiction of the court, the plaintiff bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make 'a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but it may resolve factual disputes in the plaintiff's favor. *Pebble Beach Co.*, 453 F.3d at 1154.

///

///

## IV. DISCUSSION

A two-part analysis governs whether a court retains personal jurisdiction over a nonresident defendant. "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Chan v. Soc'y Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994). Since "Nevada's long-arm statute, NRS [§] 14.065, reaches the limits of due process set by the United States Constitution," the Court moves on to the second part of the analysis. *See Baker v. Eighth Judicial Dist. Court ex rel. Cty. of Clark*, 999 P.2d 1020, 1023 (Nev. 2000). "Second, the exercise of jurisdiction must comport with federal due process." *Chan*, 39 F.3d at 1404-05. "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* at 1405 (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)). Courts analyze this constitutional question with reference to two forms of jurisdiction: general and specific jurisdiction.

Plaintiff argues that this Court has general jurisdiction[2] over Defendant because Defendant makes available sales of flights to inhabitants of Nevada through its interactive website and Defendant has flight arrangements with partnered airlines that travel to Nevada. (*See* ECF No. 15 at 4-5.) The Court disagrees and finds this is insufficient to make out a prima facie case for general jurisdiction.

The exercise of general jurisdiction over a foreign corporation is proper only where the corporation is "essentially at home" in the forum state. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). Generally, a corporation is "at home" in its place of incorporation and its principal place of business. *Id.* at 760. Defendant is a Turkish corporation with its principal place of business in Istanbul, Turkey, although it has a registered agent in Los Angeles, California. (ECF No. 20 at 3; ECF No. 11 at 23, 32.) Moreover, Defendant states that it "is not registered or authorized to do business in

---
[2]Plaintiff's response focuses solely on general jurisdiction thereby conceding that there is no specific jurisdiction over Defendant in the state of Nevada.

4

Nevada"; "does not maintain an agent for service of process in Nevada"; "has not consented to suit in Nevada"; "does not maintain any offices in Nevada or employees, property, or bank accounts in Nevada"; "does not pay taxes in the State of Nevada"; "and does not operate flights to or from Nevada." (ECF No. 20 at 3-4.) Plaintiff's opposition ignores the test set forth in *Daimler* and instead argues that Defendant's interactive website and code-share arrangements with other airlines that fly directly to and from Nevada make Defendant's forum contacts "continuous and systematic." However, the "continuous and systematic" standard under the general jurisdiction analysis has been qualified to mean that those contacts must make the foreign corporation essentially at home in the forum state. *Daimler*, 134 S. Ct. at 754.

Having arrangements with partner airlines to fly from cities within the United States to Las Vegas is insufficient to make Defendant essentially at home in the state of Nevada. Similarly, having an interactive website that individuals may access while in Nevada does not make Defendant essentially at home in the state; if it did, this would mean that Defendant could be subject to personal jurisdiction in any state where an individual is able to access its website. This is inconsistent with both the Supreme Court's decision in *Daimler* as well as Ninth Circuit precedent. *See Daimler,* 134 S. Ct. at 760-61 ("Plaintiff would have us . . . approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business. That formulation, we hold, is unacceptably grasping.") (internal quotation marks and citation omitted); *see, e.g., CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1075-76 (9th Cir. 2011) ("If the maintenance of an interactive website were sufficient to support general jurisdiction in every forum in which users interacted with the website, the eventual demise of all restrictions on the personal jurisdiction of state courts would be the inevitable result.") (internal quotation marks

///

///

///

omitted). Thus, the Court finds that Plaintiff has failed to meet her prima facie burden of establishing that general jurisdiction over Defendant in the state of Nevada is proper.[3]

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's Motion.

It is therefore ordered that Defendant's Motion for Judgment on the Pleadings (ECF No. 11) is granted. Claims against Defendant are dismissed for lack of personal jurisdiction.

The Clerk is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 7th day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3]To the extent the parties argue that the Montreal Convention governs Plaintiff's claims, the complaint does not unequivocally and properly base its requested relief on that Convention, nor is the issue of preemption properly before this Court. Moreover, it is unclear whether the Convention preempts Plaintiff's action such that this Court has federal question jurisdiction over the complaint (although the Court clearly has diversity jurisdiction over this action based on the state law claims, citizenship of the parties, and amount in damages). Specifically, it is unclear whether Article 19 of the Montreal Convention—which governs "damage occasioned by delay in the carrier" and not necessarily the air carrier's non-performance of a contract, *see Nankin v. Cont'l Airlines, Inc.*, No CV 09-07851 MMM (RZx), 2010 WL 342632, at *7 (C.D. Cal. Jan. 29, 2010), or emotional harms caused by delay, *see Seshadri v. British Airways PLC*, No. 3:14-cv-00833-BAS (WVG), 2014 WL 5606542, at *11 (S.D. Cal. Nov. 4, 2014)—applies to the full scope of injuries alleged in the complaint such that the state law claims are completely preempted by the Convention.

However, nothing in the Court's order precludes Plaintiff from filing a new complaint under the Montreal Convention if she so chooses subject to Fed. R. Civ. P. 4(k)(2).